UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MIAMI DIVISION

ALLA EPSHTEYN,

    Plaintiff,

vs.

NCL (Bahamas) Ltd., A
Bermuda Company, d/b/a
NORWEGIAN CRUISE LINES

    Defendant.
_____/

## **COMPLAINT**

**COMES NOW**, the Plaintiff, by and through undersigned counsel, and sues the Defendant, and further states as follows:

### JURISDICTIONAL AND VENUE ALLEGATIONS

1. This is a cause of action for damages in excess of $75,000.00, exclusive of interests and costs.

2. Plaintiff, ALLA EPSHTEYN, is *sui juris*, and a citizen and resident of the state of New York.

3. Defendant NCL (Bahamas) Ltd., A Bermuda Company, d/b/a NORWEGIAN CRUISE LINES ("NCL") is a corporation with its principal place of business in Miami-Dade County, Florida.

4. Subject matter jurisdiction exists based on diversity of citizenship pursuant to 28 U.S.C. 1332, as alleged above, because there is complete diversity of citizenship between the

parties and the amount of damages claimed exceeds $75,000.00 which is the minimum jurisdictional amount required for diversity of jurisdiction cases. In addition, jurisdiction also exists pursuant to 28 U.S. C. 1333 because this is a maritime cause of action.

5. At all times material hereto, the Defendant has conducted ongoing, substantial and not isolated business activity in Miami-Dade County, Florida, in the Southern District of Florida, so that *in personam* jurisdiction exists in the United States District Court for the Southern District of Florida.

6. At all times material, the Defendant has engaged in the business of operating maritime cruise vessels for paying passengers including the Plaintiff.

7. In its ticket contract with Plaintiff, Defendant requires fare-paying passengers like Plaintiff to bring any lawsuit against Defendant arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper in this court.

8. Venue is also proper in this district because the Defendant's principal place of business is located within this district.

## GENERAL ALLEGATIONS

9. Plaintiff has complied with all conditions precedent to bringing this action.

10. Defendant owed Plaintiff a duty of reasonable care in the circumstances.

11. On or about May 5, 2017 the Plaintiff was injured aboard Defendant's cruise ship NORWEGIAN GEM a result of falling as she descended a staircase in the theater and the handrail came to an abrupt end before she had reached the bottom of the steps. Plaintiff had been using the handrail up to that point due to the prevailing sea conditions. Without the aid of a handrail, the Plaintiff was caused to lose her balance and fall.

12. On the aforesaid date, Defendant owned and/or operated the NORWEGIAN GEM.

- 3 -

## COUNT ONE-NEGLIGENCE IN MAINTAINING THE THEATER STEPS

13. Plaintiff reavers and realleges paragraphs One through Twelve as if set forth herein.

14. On the aforesaid date, the Plaintiff was walking down a staircase when she lost her balance and fell because of a lack of a handrail. There was a sign indicating that the handrail ended before the bottom of the staircase.

15. The Defendant failed to exercise reasonable care in the circumstances by failing to maintain the area by having a staircase with a handrail that went all the way to the bottom of the steps.

17. The steps were made unreasonably dangerous by the fact that there was no sign indicating a that the handrail did not go down to the bottom of the steps and the fact that there was no handrail going all the way to the bottom of the steps.

18. On or about the aforesaid date, Plaintiff suffered serious personal injury while she was aboard NORWEGIAN GEM by reason of an unreasonably dangerous staircase characterized by a lack of a handrail going all the way to the bottom of the steps.

19. The Defendant should have known through the exercise of reasonable care in the circumstances that the lack of a handrail was dangerous.

20. Notwithstanding Defendant's duty as aforesaid, Defendant breached its duty by unreasonably:

   a. Failing to properly maintain a passenger walking area in a reasonably safe and condition, and/or;

   b. Failing to properly and safely have a handrail that went all the way to the bottom of the steps, and/or;

      c.      Failing to have a handrail on a set of steps, and/or;

      d.      Failing to have a safe change in floor levels, and/or;

22. At all times material, the Defendant either created the dangerous conditions of which Plaintiff complains and/or the dangerous conditions existed for a sufficient period of time that Defendant had constructive knowledge of the dangerous conditions and/or Defendant had actual knowledge of the dangerous conditions hereinbefore alleged in paragraph seven to have caused or contributed to causing Plaintiff's injury.

23. As a result of the foregoing, the Plaintiff was seriously injured when she was caused to fall after losing her balance going down a set of steps with no handrail. The Plaintiff did not see that the handrail ended when she started down the staircase and being injured nor was she aware that there was no handrail and no warning sign alerting Plaintiff to watch her step.

24. At all times material hereto, the Plaintiff acted with reasonable care for her own safety.

25. As a result of the negligence of the Defendant as aforesaid, the Plaintiff was injured in and about her body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered an aggravation of known and unknown pre-existing conditions, suffered a loss of enjoyment and value of the cruise; suffered a loss of earning capacity. Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from Defendant for damages, pre-judgment interest and costs. Jury trial is demanded.

### COUNT TWO- NEGLIGENT DESIGN AND CONSTRUCTION

26. Plaintiff reavers and realleges Paragraphs 1-12 and 23 as if set forth herein.

27. Defendant NCL actively participated in the selection including the design and construction and materials comprising the staircase which caused Plaintiff's injury and chose or participated in choosing the materials such as the type and surface of the step down or change in floor levels or lack of handrail where the incident occurred.

28. Defendant had the ultimate ability to reject or accept the design, construction and materials used on the floor where Plaintiff missed a step and fell and was injured

29. Defendant was negligent in the design, construction, inspection and approval process of the ship for failing to have a staircase which was and is reasonably safe in the circumstances of a ship being subject to the motion of the wind and waves.

30. Defendant knew or should have known through the exercise of reasonable care in the circumstances that the staircase where Plaintiff fell was unreasonably dangerous because there was no handrail going all the way to the bottom of the steps.

31. As a result of the negligence of the Defendant as aforesaid, the Plaintiff fell and was injured in and about her body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered an aggravation of known and unknown pre-existing conditions, suffered a loss of enjoyment and value of the cruise; suffered a loss of earning capacity. Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

32. At all times material, Plaintiff acted with reasonable care for her own safety.

WHEREFORE, Plaintiff demands judgment from Defendant for damages, pre-judgment interest and costs. Jury trial is demanded.

## COUNT III-FAILURE TO WARN

33. Plaintiff reavers and realleges Paragraphs 1-12 and 23 as if set forth herein.

34. The Plaintiff was seriously injured when she was caused to fall on a staircase which had no handrail going to the end of the steps.

35. No warning signs or cones had been placed in the area alerting Plaintiff to the dangerous nature of the staircase.  Nor was there a handrail located on or at the bottom of the steps.

36. At all times material, Plaintiff was acting with due care for her own safety by walking carefully and watching where she was going.  The Plaintiff was unable to discern that the floor level was different through the use of her five senses and the condition was not open and obvious.

37. At all times material hereto, Defendant was in direct control of the vessel where Plaintiff was injured.

38. The Defendant failed to use reasonable care in the circumstances by failing to warn Plaintiff that there was no handrail at the bottom of the steps.

39. As a result of the negligence of the Defendant as aforesaid, the Plaintiff was injured in and about her body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered an aggravation of known and unknown pre-existing conditions, suffered a loss of enjoyment and value of the cruise; suffered a loss of earning capacity. Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

40. Defendant knew or should have known through the exercise of reasonable care in the circumstances that the deck in the area where Plaintiff slipped and fell was unreasonably

- 7 -

dangerous without a handrail.

WHEREFORE, Plaintiff demands judgment from Defendant for damages, pre-judgment interest and costs.  Jury trial is demanded.

DATED this 21st day of February, 2018.

                                        HOFFMAN LAW FIRM
                                      PAUL M. HOFFMAN, ESQUIRE
                                      2881 East Oakland Park Boulevard
                                      Fort Lauderdale, FL 33306
                                      Telephone: (954) 707-5040


                                      */s//Paul M. Hoffman, Esq.*
                                      PAUL M. HOFFMAN
                                      Florida Bar No:   0279897